IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARCEL FASHIONS GROUP, INC. and
A Florida corporation,                                                    CASE NO.:

      Plaintiff,
v.

ZAZZLE INC., a foreign corporation
registered to do business in Florida,

      Defendant.
_____/

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff, MARCEL FASHIONS GROUP, INC. ("Marcel Fashions"), by and through undersigned counsel, sues Defendant, ZAZZLE INC. ("ZAZZLE"), and alleges as follows:

### Jurisdiction and Venue

1. This is a complaint against Defendant for trademark infringement/false designation or origin arising under the Lanham Act. 15 U.S.C. § 1051 *et. seq.,* and unfair competition under Florida law, including Fla. Stat. § 501.201, *et seq*.

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 USC §1121, and 28 USC §1331, §1332, and 1367.

3. Venue is proper in this District as Defendant does business in this District and avails itself of the laws of this District.

### The Parties

1

4.      Plaintiff, MARCEL FASHIONS, is a resident of this District and maintains a business in this District, in Miami-Dade County, Florida, utilizing the GET LUCKY trademark at issue, for use on clothing.

5.      Defendant, ZAZZLE, is a foreign corporation authorized to do business in Florida, and operates in Miami-Dade County, Florida, amongst others, in this District and through retail stores that sell products bearing the GET LUCKY trademarks.

6.      Defendant, ZAZZLE, owns, operates, and controls the sales of clothing, namely, tshirts, that comprise or contain the GET LUCKY trademark, and at all times is and has been the moving force behind the infringing acts complained of herein with actual and full knowledge of Plaintiff's rights.

### Plaintiff's Rights in the GET LUKY trademark

7.      Plaintiff has owned and operated a wholesale clothing manufacturing and distribution business since at least as early as 1986, which makes, manufactures, sells, imports, and otherwise distributes clothing throughout the United States, and resides in this District.

8.      Plaintiff has continuously used the GET LUCKY trademark in commerce with the sale of clothing, since at least as early as 1986, and is the owner of US Registration No. 3890282.

9.      Plaintiff's use has been continuous and it has not abandoned the GET LUCKY trademark or discontinued the use of the GET LUCKY trademark without intention to resume use.

10.     Defendant, ZAZZLE, is the exclusive maker, manufacture, seller, importer, and distributor of clothing, including, but not limited to, tshirts under the GET LUCKY trademark, and currently sells goods that contain or comprise the GET LUCKY trademark.

11. Upon information and belief, Defendant ZAZZLE utilizes the GET LUCKY trademark in its US sales.

12. At all times relevant, Plaintiff used the GET LUCKY trademark to identify its goods and services to the consuming public.

13. Plaintiff is the owner of all rights in and to the GET LUCKY trademark and its use predates that of Defendant, and Plaintiff is the statutory senior user of the GET LUCKY trademark.

14. Plaintiff is the owner of all statutory and common law rights in and to the GET LUCKY trademark and its rights are senior to and superior to those of Defendant.

15. Since Defendant began using the infringing GET LUCKY trademark, which is identical to Plaintiffs' GET LUCKY trademark in almost all respects, Plaintiff is subject to a likelihood of confusion in the marketplace.

16. Defendant's unauthorized and infringing use of its GET LUCKY trademark has caused and is likely to cause confusion in the marketplace.

17. Plaintiff has expended substantial sums in advertising and promoting its goods and services under the GET LUCKY trademark, and its use of the GET LUCKY trademark has been continuous and uninterrupted since at least as early as 1986.

18. Defendant has continued to use the infringing GET LUCKY trademark on its website, advertising flyers, trade show materials, on its products, through its distributors, and in other infringing ways, including retail store, and on-line sales.

19. Defendant continues to infringe with no intention to discontinue their infringing use.

20. As a result of Defendant's acts of infringement, Plaintiff has been damaged, and has lost the exclusive right to the use of their mark in the marketplace, and has suffered actual and likelihood of confusion.

21. Defendant's acts are tantamount to willful infringement, and are a deliberate attempt to misappropriate the goodwill associated with Plaintiff's GET LUCKY trademark, and is likely to and has caused confusion, as to the source, sponsorship, and affiliation of their goods and services.

22. As a result of Defendant's unlawful conduct, Plaintiff has suffered significant and substantial damage, including damage to their reputation, and the goodwill associated with their GET LUCKY trademark.

23. All conditions precedent to Plaintiff's claims have been satisfied.

24. Plaintiff has engaged the services of the undersigned to represent it in this action and is obligated to pay a reasonable attorney's fee for the use of said services.

## COUNT I-TRADEMARK INFRINGEMENT/FALSE DESIGNATION OF ORIGIN UNDER 15 USC §1125(a)

25. Plaintiffs re-allege and incorporate paragraphs 1-24 as though set forth in full herein.

26. This is an action for trademark infringement/false designation of origin under Section 43(a) of the Lanham Act, 15 USC §1114, §1115, §1117, and §1125(a).

27. Defendant, without the consent of Plaintiff, is using the GET LUCKY trademark in connection with the sale, offering for sale, distribution, and advertisement of clothing and related products, which is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff's GET LUCKY trademark, or as to the origin, sponsorship, or approval of their goods by Plaintiff.

28. Further, Defendant has falsely misrepresented the nature, characteristics, qualities, and geographic origin of Plaintiff's goods and services and commercial activities, as reflected in Defendant's product packaging, website, advertising materials, brochures, signage and distribution materials.

29. Defendant's use of the infringing GET LUCKY trademark, as described herein, is causing and will continue to cause damage to Plaintiff, including, but is not limited to, irreparable harm for which there is no adequate remedy at law.

## COUNT II-REVERSE CONFUSION

30. Plaintiff re-allege and incorporate paragraphs 1-24 as though set forth in full herein.

31. This is an action for trademark infringement/false designation of origin under Section 43(a) of the Lanham Act, 15 USC §1114, §1115, §1117, and §1125(a).

32. Defendant has so saturated the market with its advertising that it is likely that Plaintiff may be deemed to be the junior user, and seen by the consuming public as a knock-off of Defendant, resulting in reverse confusion.

33. Defendant, without the consent of Plaintiff, is using the GET LUCKY trademark in connection with the sale, offering for sale, distribution, and advertisement of clothing, namely tshirts, and related products, which is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff's GET LUCKY trademark, or as to the origin, sponsorship, or approval of their goods by Plaintiff.

34. Further, Defendant has falsely misrepresented the nature, characteristics, qualities, and geographic origin of Plaintiff's goods and services and commercial activities, as reflected in Defendant's brochures, signage, retail stores, websites, and related materials.

35. Defendant's use of the infringing GET LUCKY trademark, as described herein, is causing and will continue to cause damage to Plaintiff, including, but is not limited to, irreparable harm for which there is no adequate remedy at law.

### COUNT III-UNFAIR COMPETITION UNDER FLORIDA LAW

36. Plaintiff re-alleges and incorporates paragraphs 1-24 as though set forth in full herein.

37. Defendant's conduct described herein constitutes unfair competition under Florida law.

38. Defendant's conduct is willful and intentional, and has caused and is continuing to cause irreparable harm for which there is no remedy at law.

### COUNT IV-DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER FLA. STAT. §501.201

39. Plaintiff re-alleges and incorporates paragraphs 1-24 as though set forth in full herein.

40. This is an action under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq.

41. Defendant's actions described herein are calculated to deceive and actually do deceive the public into mistakenly believing that Defendant is affiliated, connected or associated with Plaintiff's goods and services or that Defendant's goods and services originated with or are sponsored by or approved by Plaintiff.

42. As such, Defendant has intentionally engaged and continue to engage in unfair methods of competition, unconscionable acts or practices, and unfair, deceptive acts or practices in the conduct of trade or commerce in violation of Fla. Stat. §501.204, and are so egregious that Plaintiffs should be entitled to its fees and costs under Fla. Stat. § 201.2105.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARCEL FASHIONS GROUP, INC., prays that the Court award the following relief:

A. Temporarily and permanently enjoining Defendant, its officers, employees, and agents, distributors, and all persons and entities in active concert or participation with any of them from using, displaying, advertising, or selling their goods and services under, or otherwise doing business or holding themselves out to the public under the GET LUCKY trademark, including all formative variations thereof, and any GET LUCKY trademark confusingly similar thereto;

B. Order Defendant to destroy all documents and materials, including stationary, signage, websites, mailers, brochures, pamphlets, catalogs, and other advertising and marketing materials bearing the GET LUCKY trademarks, or comprising any portion thereof;

C. Order that Defendant pay to Plaintiff monetary relief under 15 USC §1117(a) in an amount equal to Defendant's profits plus damages sustained by Plaintiff, including treble damages, the costs of this action, including attorney's fees pursuant to 15 USC §1117(a) and Fla. Stat. §201.211.

D. Find that this case is exceptional pursuant to 15 USC 1117(a) and 1125(c), and any treble damages awarded to Plaintiff due to Defendant's willful and intentional acts of trademark infringement, and unfair competition, and unfair and deceptive trade practices;

E. Any other relief as this Court may deem just and proper.

Dated: March 25, 2015                                     Respectfully submitted,

                                                          By:/s/ Louis R. Gigliotti/
                                                          Louis R. Gigliotti, Esq.

7

>Louis R. Gigliotti, PA
>Florida Bar No.: 71935
>1605 Dewey Street
>Hollywood, FL 33020
>Ph: (954) 471 4392
>lgigliotti@bellsouth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed ECF and served via electronic mail on this 25th day of March, 2015.

>By: /s/Louis R. Gigliotti
>Louis R. Gigliotti, Esq.